## ELIZA F. PATE *v.* S. FANNIE PATE *et al.*

1. LAST WILL AND TESTAMENT: LAPSED LEGACY, HOW DISPOSED OF WHEN LEGATEE DIES BEFORE TESTATOR.—If an estate of any kind be bequeathed by last will and testament to a child or descendant of the testator, and such legatee or devisee shall die during the lifetime of the testator, leaving children or descendants who shall survive the testator, such devise or legacy shall not lapse, but shall vest in the children or descendants of such legatee or devisee, as if such legatee or devisee had survived the testator, and had died unmarried and intestate.

2. LAST WILL AND TESTAMENT: LAPSED LEGACY, RIGHT OF LEGATEE TO DISPOSE OF.— A legatee or devisee, who is a child or descendant of a testator, and who dies, leaving children surviving him, before the testator, cannot by his will dispose of a legacy or devise given to him by the will of the testator.

Pate v. Pate et al.

APPEAL from the Probate Court of Carroll county. Hon.
Joseph Drake, judge.

*J. Z. George,* for appellant, contended,

1. That it was manifestly the intention of Jefferson Pate
that his wife should participate with his children in the inher-
itance under the will of his father. This intention is deduced
from the language of the will, and the circumstances surround-
ing the testator.

2. That this intention must be carried out, unless there be
some rule of law against it.

The doctrine of election is thus stated by Jarman, volume 1,
385: "That he who accepts a benefit, under a will or deed, must
adopt the whole contents of the instrument, conform to all its
provisions, and renounce every right inconsistent with it."
Hence, if the children deny the right of the testator to dispose
of the inheritance, they must renounce what they claim under
the will, that is, their share of the testator's estate.

No counsel for appellees.

HANDY, C. J., delivered the opinion of the court.

The appellant filed her petition in the Court of Probates,
stating, in substance, that she is the widow, and the appellees are
the children, of Jefferson C. Pate, who died in February, 1859,
leaving a will containing the following provision: "I will that
all property, both real and personal, found in my right and title,
to be held together by my wife Eliza F. Pate (she giving secu-
rity for the amount of the personal property), for the equal
benefit of herself and our children. At the said children
becoming of age, they then to have their distributive share
allowed to them; the equal share I will my wife, Eliza F.
Pate, to be hers, so long as she may live, and then to revert to
said children in equal shares. I also wish any inheritance of
real or personal property which may be willed or made to me,
to be managed in the same like manner;" which will was
admitted to probate: that the property of the testator did not

exceed $12,000 in value; and that before he made his will, his father, Ananias Pate, had made his will, by which he gave the most of his estate, real and personal, amounting to about $150,000, to his two sons, the said Jefferson and James D. Pate, and died in May, 1859; which will was well known to Jefferson C. Pate when he made his will; that the will of Ananias has been admitted to probate.    The petition further alleges, that Jefferson C. Pate intended by his will to leave to the appellant a child's part for life of the legacy and devise to him contained in his father's will, and that he supposed he had such power and attempted to exercise it; that her distributive share of her husband's estate, after payment of his debts, will be inconsiderable and insufficient to support her, which her husband well knew, and for that reason he attempted to give to her a share of the property left to him in his father's will; that the share of that property which will go to her children, under that will, will exceed $75,000; that said children are minors and incapable of acting for themselves in the adjustment of the rights of the appellant and themselves, in this property. The petition claims that she is entitled either to be admitted to a share of the property left in the will of Ananias Pate to her husband, or that the children of herself and her husband will be compelled to relinquish in her favor an amount of the property of Jefferson C. Pate, equal to the share attempted to be given her in the estate of Ananias; and it prays for this relief.

After answer by the guardian *ad litem* of the children, and on the hearing of the petition, the appellant offered evidence to prove, in substance, the allegations of the petition in relation to the knowledge of Jefferson C. Pate of the contents of his father's will, and his intention to embrace the property, thereby bequeathed and devised to him, in the clause of his will above stated.    But the court refused to admit this evidence, considering it illegal and incompetent, and petition was dismissed. From which decree this appeal was taken.

It is now urged, in behalf of the appellant, that her husband intended to embrace in his will the property bequeathed and

devised to him in his father's will, and to leave the same to her and her children; and that it was competent to introduce the parol evidence showing the circumstances in which he was then placed, and which clearly proved that such was his intention. And the entire argument of the counsel for the appellant is directed to this view.

But we consider it immaterial to the true merits of the case. The record shows that Jefferson C. Pate made his will and died several months before his father, by whose will the property referred to was given to Jefferson. It was therefore a case of a lapsed legacy; and the material question to be first determined is whether Jefferson took any interest or estate in the property, under his father's will, which he could dispose of by his will. And it is clear that he took no such interest.

This is governed by our statute, Rev. Code, 433, article 37, which provides that " whenever any estate of any kind shall or may be devised or bequeathed by the last will and testament of any testator or testatrix, to any person being a child or descendant of such testator or testatrix, and such devisee or legatee shall, during the lifetime of such testator or testatrix, die testate or intestate, leaving a child or children, or one or more descendants of a child or children, who shall survive such testator or testatrix, in that case such devise or legacy to such person so situated as above mentioned, and dying in the lifetime of the testator or testatrix, shall not lapse, but the estate so devised or bequeathed shall vest in such child or children, descendant or descendants, of such devisee or legatee, in the same manner as if such devisee or legatee had survived the testator or testatrix, and had died unmarried and intestate."

By the clear effect of this statute, Jefferson C. Pate took no interest or estate whatever in the property bequeathed and devised to him in his father's will which he could dispose of by will; but, as to his individual right and interest therein, the disposition to him lapsed by his death before that of his father, and the right and interest bequeathed and devised to him vested in his children. All interest of his widow therein is positively excluded, because, by the statute, it vests in his children, " as if

he had died unmarried." Of course, therefore, he had no power to dispose of the estate or interest by his will, and it is immaterial whether he intended to dispose of it or not.

Under the English statute the rule is otherwise; the lapse is simply prevented by that statute; and it has been settled that the legacy vests in the deceased legatee, and becomes subject to all the incidents of property belonging to him, in the same manner as if he had survived the testator.  1 Roper on Leg. 464.  But the English statute does not contain the clause in our statute, that the estate so devised "*shall vest in such child or children,*" etc., of the deceased devisee or legatee; and it provides simply "that such devise or bequest shall not lapse, but shall take effect, *as if the death of such person had happened immediately after the death of the testator,* unless a contrary intention shall appear."

Under this view of the case, the decree is manifestly correct, and it is affirmed.